**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TOYOTA LEASE TRUST, <br><br> Plaintiff, <br><br> v. <br><br> THE COUNTY OF SUFFOLK, <br><br> Defendant. | CIVIL ACTION NO: <br><br> COMPLAINT |

Plaintiff, Toyota Lease Trust ("Plaintiff") alleges, by way of complaint against Defendant, the County of Suffolk ("Suffolk" or "Defendant"), as follows:

1. Plaintiff brings this action to remedy a systematic and blatant deprivation of its long-settled and fundamental rights to be free from unreasonable seizures and to due process of law under the United States and New York Constitutions. Suffolk cannot legitimately debate that it is permitted to deprive Plaintiff—or anyone else—of property by unreasonable seizure or without due process of law. The principles of procedural due process and the freedom from unreasonable seizure are centuries old and form the bedrock of this countries' system of laws. Yet, that is exactly what Suffolk does on a regular and systematic basis in its handling of seized motor vehicles: deprive citizens, including Plaintiff, of property by way of unreasonable seizure and without due process of law. By doing so, Suffolk has illegally extracted large amounts of money (and countless other things of value) from Plaintiff, by:

    a. First, Suffolk seizes vehicles—for whatever initially valid reason—and after its initial justification has passed, continues to hold the vehicle without obtaining a warrant or new exception to the warrant requirement; and

    b. Second, Suffolk illegally demands money and other things of value in exchange for release of those vehicles, without arranging for any hearing to determine the propriety of (a) the continued warrantless seizure/detention, or (b) the improper demand for money and other things of value.

2. Plaintiff therefore brings a declaratory judgment/civil rights action pursuant to 42 U.S.C. §1983 and §1988 for deprivation of Plaintiff's rights secured by the Fourteenth and Fourth Amendments to the United States and New York Constitutions.

## JURISDICTION AND VENUE

3. Subject Matter Jurisdiction is conferred on this Court by 28 U.S.C. §§1343(a)(3) and 1343(a)(4), which provide for original jurisdiction in the Court for all suits brought pursuant to 42 U.S.C. §1983, as well as by 28 U.S.C. §1331 because the cause of action rises under the Constitution and laws of the United States.

4. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 for inter-related state law claims which arise from the occurrences giving rise to the Federal claims and which have a common nucleus of operative fact.

5. Venue lies in the Court pursuant to 28 U.S.C. §1391.

## PARTIES

6. Plaintiff is a Delaware corporation which functions as the leasing arm of Toyota Motor Company; its regular business includes the leasing of motor vehicles.

7. Defendant Suffolk is a municipal corporation organized and existing under the laws of the State of New York.

## FACTS RELEVANT TO ALL COUNTS

**Plaintiff's ownership rights in the Subject Vehicles**

8. Plaintiff is the titled owner of the various motor vehicles at issue in this action which have been seized and held by Suffolk (the "Subject Vehicles").

9. Plaintiff obtained the titled ownership interest in those Subject Vehicles prior to any other fact or action at issue in this litigation.

10. Plaintiff leased the Subject Vehicles to various non-party customers, who registered and operated the Subject Vehicles.

**Plaintiff's interest in, and Suffolk's seizure of, the Goodwin Vehicle**

11. For purposes of illustration, the details concerning one of the Subject Vehicles, including Plaintiff's interest and the deprivation by Suffolk, are discussed here. That automobile is a 2018 Toyota Corolla bearing vehicle identification number 5YFBURHEXJP804377 leased to non-party Kristin M. Goodwin (the "Goodwin Vehicle").

12. In or about April, 2018, Plaintiff leased the Goodwin Vehicle to Kristin M. Goodwin.

13. In or about August, 2019 Suffolk took possession and custody of the Goodwin Vehicle pursuant to its police officers acting in the course of their duties as law enforcement officers.

14. From August, 2019 through present, Suffolk maintained exclusive custody and control of the Goodwin Vehicle.

15. On or about August 13, 2019, Suffolk sent a letter notifying Plaintiff that it was in custody of the Goodwin Vehicle, which notice was not constitutionally adequate because it did not provide notice *of a procedure*, as described below.

16. From August, 2019 through the present, Suffolk has not filed a forfeiture action, nor has any hearing been held relative to Suffolk's seizure or continued detention of the Goodwin Vehicle.

17. The statute of limitations for Suffolk to file a forfeiture action relating to the Goodwin Vehicle has elapsed.

18. Nonetheless, Suffolk retains possession of the Goodwin Vehicle, with no apparent reason to do so.

**Suffolk's seizure and continued detention of the subject vehicles violated Plaintiff's right to be free from unreasonable seizure**

19. At various times, Suffolk's police officers, acting in the course of their duties as law enforcement officers, took possession and custody of the Subject Vehicles pursuant to Suffolk's police power.

20. After initially seizing the Subject Vehicles—for whatever reason—Suffolk determined the Subject Vehicles were no longer needed for that reason (*i.e.* no longer needed to be held for a search, as evidence, for forfeiture, or otherwise). Upon making this determination, Suffolk's initial justification for the seizure expired.

21. Even after Suffolk's initial justification for seizing the Subject Vehicles had expired, Suffolk continued to meaningfully interfere with Plaintiff's possessory interests in the Subject Vehicles by retaining possession, thereby continuing to seize the Subject Vehicles within the meaning of that term as used in the United States and New York Constitutions.

22. Suffolk did not thereafter obtain a warrant, nor have any valid exception to the warrant requirement under which it could justify a continued warrantless seizure.

23. By continuing to seize the Subject Vehicles beyond the time and extent to which its initial justification held force, and by continuing to seize the Subject Vehicles without obtaining a new justification or a warrant, the seizure of each of the Subject Vehicles became unreasonable.

24. Suffolk therefore violated Plaintiff's right to be free from unreasonable seizures in contravention of the United States and New York constitutions by holding Plaintiff's property, even in some cases temporarily, without valid justification for doing so.

**Suffolk's improper demand for money and other things of value in exchange for release of the Subject Vehicles violated Plaintiff's right to due process of law**

25. Upon becoming aware of Suffolk's possession of each of the Subject Vehicles, Plaintiff demanded that Suffolk release possession of each of the Subject Vehicles to Plaintiff

and/or that Suffolk institute a procedure comporting with Suffolk's obligations under the United States Constitution and New York Constitutions.

26. Suffolk refused to institute such a procedure for each of the Subject Vehicles.

27. Suffolk also refused to release each of the Subject Vehicles to Plaintiff unless Plaintiff complied with certain conditions imposed by Suffolk, including:

   a. Suffolk demanded that Plaintiff pay for towing and storage fees relating to each of the Subject Vehicles; and

   b. Suffolk demanded that Plaintiff execute a general release of liability in favor of Suffolk; and

   c. Suffolk demanded that Plaintiff execute a hold harmless/indemnity agreement in favor of Suffolk as against any third parties—such as Plaintiff's customer and/or the person from whom the Vehicle was seized—in the event such other third party challenged Suffolk's release of the Vehicle; and

   d. When its demands were not met as to a given Subject Vehicle within a certain period of time, Suffolk initiated an inapplicable process under New York State law whereby it could declare a Subject Vehicle to have been "abandoned"—even though none of the Subject Vehicles met the definition of that word—and thereby improperly cause the New York Motor Vehicle Commission to issue a title to that Subject Vehicle in Suffolk's name;

28. Suffolk's demand for money in exchange for possession of the Subject Vehicles was tantamount to Suffolk asserting a *de facto* lien in the Subject Vehicle superior to Plaintiff's ownership rights, the assertion and impression of which constituted a deprivation without due process of law.

29. Suffolk's demand for a hold harmless/indemnity agreement from Plaintiff in exchange for the release of the Subject Vehicles is not materially different from Suffolk's demand for an immediate payment of a liquidated sum of money, since a hold harmless/indemnity is essentially a contingent requirement that Plaintiff pay Suffolk an as-yet unliquidated sum of money.

30. Suffolk's demand for a release from Plaintiff in exchange for the release of the Subject Vehicles is not materially different from Suffolk's demand for an immediate payment of a liquidated sum of money, since a release is still a thing of value essentially representing waiver of Plaintiff's as-yet unliquidated claims against Suffolk for potential damage to the Subject Vehicles or other of Suffolk's conduct.

31. By refusing to turn over possession of the Subject Vehicles unless Plaintiff provided Suffolk with money or other things of value to which Suffolk had no legal entitlement, Suffolk deprived Plaintiff of its property without due process of law by depriving Plaintiff of its possessory property interests in the Subject Vehicles.

32. In those instances where Plaintiff acceded to some or all of Suffolk's demands in exchange for Suffolk's release of the Subject Vehicles, Suffolk deprived Plaintiff of its property without due process of law by depriving Plaintiff of its money or other thing of value.

33. Any release, hold-harmless, and/or indemnity agreements which Plaintiff or its agents may have signed to secure release of the Subject Vehicles are unenforceable because:

   a. Suffolk was obligated to turn over possession of the Subject Vehicles to Plaintiff without Plaintiff conferring a benefit on Suffolk; such release, hold-harmless, and/or indemnity agreement(s) are therefore not supported by consideration; and

   b. Agreements obtained under duress are not enforceable; and

   c. Agreements resulting from threats to take improper and illegal action unless the counterparty accedes to those illegal demands are not enforceable as a matter of public policy; and

   d. Agreements obtained by way of the commission of a constitutional tort are not enforceable as a matter of public policy.

34. Suffolk failed, at all times, to institute procedures before an impartial decision maker, with adequate notice, relating to the Subject Vehicles whereby Plaintiff or any other person with an interest in the Subject Vehicles would be afforded the opportunity to protect its interests

by challenging the propriety of Suffolk's initial seizure, continued detention and/or demands for money or other things of value in exchange for release of the Vehicle.

35. In failing to institute such a procedure while continuing to hold the Subject Vehicles, Suffolk deprived Plaintiff of its property without due process of law.

**Suffolk's conduct was taken in accordance with Suffolk's established customs and practices for handling seized vehicles even though that custom and practice violates long- and well-settled constitutional law**

36. Suffolk does not have a written policy or procedure for the handling or return of a seized motor vehicle once its (potentially) initial valid reason for seizure has expired.

37. Suffolk does not have a written policy or procedure for notifying those with property interests in seized motor vehicles of a process wherein those persons could challenge the propriety of the continued seizure and detention of that motor vehicle beyond Suffolk's initial justification for its initial seizure, or challenge the propriety of Suffolk's demand for money and other things of value in exchange for turning over that motor vehicle.

38. Suffolk does not have a written policy or procedure for the institution of a hearing at which those with property interests in seized motor vehicles of a procedure wherein those persons could challenge the propriety of the initial seizure, continued detention, or demand for money and other things of value in exchange for turning over that motor vehicle.

39. Suffolk's actions in failing to provide such a notice or such a hearing, while still withholding possession of the Subject Vehicles, were all in accordance with Suffolk's established customs and practices for handling seized motor vehicles.

40. Suffolk's policy and/or custom of retaining possession of a seized motor vehicle, without a warrant or valid exception to the warrant requirement, guarantees a violation of the United States and New York Constitutions' prohibition against unreasonable seizures every time Suffolk seizes a motor vehicle.

41. Suffolk's policy and/or custom of failing to arrange for notice and an opportunity for a hearing whereby a person with a property interest in a seized motor vehicle may challenge Suffolk's conduct, guarantees there is a deprivation of property without due process of law every time Suffolk seizes a motor vehicle, in contravention of the United States and New York Constitutions.

42. Plaintiff need not prove Suffolk had a culpable mental state for Suffolk to be held liable for the above-referenced conduct. However, Suffolk and its policymakers are aware that Suffolk's conduct violates the United States and New York Constitutions, and nonetheless continue to knowingly implement an unconstitutional policy and/or custom in relation to seized motor vehicles.

43. Correspondence from Suffolk's counsel have confirmed that the County knows lessors, like Plaintiff, are innocent owners and therefore those lessors' interests are not subject to forfeiture, and yet, continue to demand money or other things of value in exchange for possession of the Subject Vehicles.

44. The constitutional prohibition against a government's demand for money or other things of value in exchange for a motor vehicle in the absence of a hearing has been settled for decades. A government's policy and/or custom of disposing of vehicles which are not claimed by payment or accession to demands for other things of value violate due process.

## CAUSES OF ACTION

### COUNT I
**Violation of Civil Rights Pursuant to title 42 U.S.C. §1983**
**(Unreasonable Seizure and Deprivation of Property**
**Without Due Process of Law)**

45. Plaintiff realleges and incorporates herein by reference the allegations set forth in the above paragraphs of the complaint.

46. Plaintiff has a protectible property interest in each of the Subject Vehicles.

47. Suffolk meaningfully interfered with Plaintiff's interests in the Subject Vehicles, and that interference was not accompanied by a warrant nor valid exception to the warrant requirement, rendering the interference an unreasonable seizure in violation of the Fourth Amendment of the United States' Constitution.

48. Suffolk's actions also deprived Plaintiff of its protectible property interests under color of law, without constitutionally adequate notice nor any opportunity to be heard, thereby depriving Plaintiff of property without due process of law in violation of the Fourteenth Amendment of the United States Constitution.

49. Suffolk knew or should have known that it is unconstitutional to meaningfully interfere with property interests without a warrant or valid exception to the warrant requirement. Suffolk also knew or should have known that it was unlawful to fail to provide notice and a hearing relative to its seizure, continued detention, and assertion of a a *de facto* lien for towing and storage fees and demand for other things of value in exchange for possession of the vehicle.

50. The conduct of Suffolk stated throughout this complaint was part of Suffolk's standard custom and practice for the handling of seized motor vehicles.

51. As a direct and proximate result of Suffolk's violation of Plaintiff's rights under the United States Constitution, Plaintiff has suffered damages based upon the loss of use of the Subject Vehicles during the time detained by Suffolk; the depreciation of each of the Subject Vehicles during the time detained by Suffolk; and the amounts illegally extracted by Suffolk from Plaintiff in exchange for possession of the Subject Vehicles (where applicable).

52. Suffolk was the moving force behind Plaintiff's damages, which were caused by Suffolk's official policies and/or customs for the handling of seized motor vehicles.

53. But for Suffolk's unconstitutional policies and customs relating to seized motor vehicles, Plaintiff would have had recovered the Subject Vehicles from Suffolk without delay or with minimal delay.

## COUNT II
### Violation of New York Constitution Article I, Sec. 6
### (Deprivation of Property Without Due Process of Law) and Article I, Sec. 12
### (Deprivation by Unreasonable Seizure)

54. Plaintiff realleges and incorporates herein by reference the allegations set forth in the above paragraphs of the complaint.

55. The foregoing allegations of violations of Plaintiff's rights under the Fourteenth and Fourth Amendments of the United States Constitution are violations under the corresponding Articles of the New York Constitution stated in the heading above.

## COUNT III
### Declaratory Relief

56. Plaintiff realleges and incorporates herein by reference the allegations set forth in the above paragraphs of the complaint.

57. An actual controversy has arisen and now exists between Plaintiff and Suffolk warranting declaratory relief pursuant to 28 U.S.C. 2201.

58. Plaintiff seeks a declaration that Suffolk's conduct violated Plaintiff's rights to freedom from unreasonable seizures and freedom from deprivation of property without due process of law under the United States and New York constitutions.

59. Plaintiff seeks a declaration that Suffolk is liable to Plaintiff pursuant to 42 U.S.C. 1983 and 42 U.S.C. 1988 for all damages and attorney's fees suffered and incurred by Plaintiff.

60. Plaintiff seeks a declaration as to the minimum actions Suffolk must take vis-à-vis lessors, such as Plaintiff, when Suffolk seizes and continues to hold those seized motor vehicles.

# **PRAYERS FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court:

a. Grant judgment in favor of Plaintiff and against Suffolk on all causes of action asserted herein;

b. Declare that Suffolk violated Plaintiff's right to be free from unreasonable seizures and free from deprivation of property without due process of law under the United States and New York State Constitutions;

c. Award Plaintiff actual, compensatory, consequential, and nominal damages;

d. Award damages relating to Suffolk's improper seizure, detention, and refusal to turn over the Subject Vehicles;

e. Award Plaintiff punitive damages under any applicable New York or Federal statute or common law;

f. Award Plaintiff the cost of prosecuting this action, including attorney's fees, pursuant to 42 U.S.C. §1988 and any other relevant statutes; and

g. Declare any release/hold-harmless/injunction obtained by Suffolk to be null, void, and of no force or effect;

h. Order return of any improper payments Suffolk obtained from Plaintiff;

i. Order Suffolk to unconditionally release to Plaintiff any Subject Vehicles it still holds;

j. Enter a permanent injunction against further unconstitutional practices by Suffolk; and

k. Award such other and different relief that the Court, in the exercise of its discretion, deems just and proper.

Dated: New York, New York
October 6, 2020

**Norris McLaughlin, P.A.**

By: /s/ Nicholas Duston
Nicholas A. Duston
7 Times Square, 21st Floor
New York, NY 10036
212-808-0700
naduston@norris-law.com
*Counsel for Toyota Lease Trust*